**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

ERIC N. DRAPER                                                                          PLAINTIFF

V.                                                                          NO. 4:15-CV-00032-DMB-DAS

SGT. KATHERINE MOORE, et al.                                                 DEFENDANTS

## ORDER

This pro se prisoner civil rights action is before the Court on remand from the Fifth Circuit for a determination of whether Eric N. Draper filed a timely notice of appeal.

## I
## Procedural History

On February 2, 2016, this Court entered a memorandum opinion and order granting the defendants' motion for summary judgment. Doc. #44. A final judgment was entered the same day. Doc. #45. Draper acknowledged receipt of these documents on February 12, 2016. Doc. #46.

On April 6, 2016, a notice of appeal was docketed in this Court on behalf of Draper. Doc. #47. The Fifth Circuit received a separate notice of appeal on April 7, 2016. Doc. #48. Both notices are dated February 27, 2016.

On September 23, 2016, the Fifth Circuit issued an order observing that pursuant to 28 U.S.C. § 2107(a) and Federal Rule of Appellate Procedure 4(a)(1)(A), Draper's notice of appeal was due on or before March 3, 2016, and that "[a] prisoner's notice of appeal is timely filed if deposited in the institution's internal mail system on or before the last day of filing." Doc. #54 at 1–2. The Fifth Circuit found that "it cannot be determined from the record in this case whether

the petitioner delivered the notices of appeal to prison officials for mailing on or before March 3, 2016." *Id*. at 2. Accordingly, this action was remanded for such a determination. *Id*.

Following remand, on September 26, 2016, United States Magistrate Judge David A. Sanders entered an order directing that within twenty-one days:

> Draper … submit a declaration to the court setting forth the date that his notice of appeal was deposited in the prison's internal mail system for mailing to this court. The declaration must either be notarized or be submitted under penalty of perjury pursuant to 28 U.S.C. § 1746. Draper may also submit any prison mail records that support his declaration.

Doc. #55. Judge Sanders also ordered that "[i]f Defendants contest Draper's declaration, they shall file a response along with any supporting documentation on later than ten (10) days after Draper's declaration is filed with the court." *Id*.

On October 11, 2016, Draper filed a "Motion for Order of Declaration." Doc. #57. In his motion, Draper represents that he is "presenting documentation of timely filing through Notice of Appeal, written statements and witnessed letters by highlighted reference." *Id*. at 1. Through a notarized declaration, Draper asserts that "the following documentation and statements are true to the best of my knowledge and all were given in good faith." *Id*. Beyond the notarized declaration, Draper's filing includes: (1) a motion for appointment of counsel; (2) an undated application to proceed in forma pauperis; (3) a September 1, 2016, authorization for the release of institutional account information and payment of the filing fee; (4) a December 7, 2015, letter from "C/O Anderson" stating that Draper brought legal mail to the mailroom; (5) an undated letter from Draper to the Clerk stating that ILAP personnel had refused to notarize certain documents; (6) an April 11, 2016, notification from Draper of change of address; (7) a Resident Activity Report of Draper's prison account showing account activity from July 14, 2016, through September 21, 2016, and a federal court debt of $328.39; (8) a September 22, 2016, authorization

for payment of a filing fee; and (9) a copy of Draper's notice of appeal with highlights of the date at the top of the page ("2-27-16"), the title ("Notice of Appeal"), and the following statements:

> The Clerk of this Court is hereby requested to send up to the Fifth Circuit Court of Appeals ….

> I am asking this Court to except my tardiness in filing this notice as I am experiencing difficulties with getting the proper assistance from the only help here, the ILAP Personnel, I have sent numerous requests for mailing my notice and for legal counseling in filing an appeal and the proper forms… [and] provide me with legal counsel and aid in preparing and submitting the necessary documentation also with getting mailing assistance.

*Id.* at 2-12.

On October 13, 2016, counsel for the defendants notified the Court by e-mail that the defendants do not intend to respond to Draper's submission.

## II
## Analysis

"[A] timely filed notice of appeal is a jurisdictional prerequisite to appellate review." *Perez v. Stephens*, 784 F.3d 276, 280 (5th Cir. 2015). Normally in a civil case, a notice of appeal must be filed with the district clerk within thirty days after entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1)(A). This time period may be extended upon a motion, filed no later than thirty days after the appeal deadline, showing good cause or excusable neglect. Fed. R. App. P. 4(a)(5). Furthermore, under Appellate Rule 4(c)(1):

> If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

A similar rule applies to motions filed by pro se prisoners. *See Brown v. Taylor*, 569 F. App'x 212, 213 (5th Cir. 2014) ("Thus, if the prisoner mailbox rule applies to Brown, the Rule 59(e)

3

motion [filed one day after deadline] was presumptively timely, but if the prisoner mailbox rule does not apply, the Rule 59(e) motion was untimely.").

None of Draper's submissions set forth a date of deposit or state that first-class postage was prepaid. Indeed, the notice of appeal concedes that the filing was "tard[y]." Doc. #47 at 1; Doc. #57 at 7. Under these circumstances, the Court must conclude that Draper's notice of appeal was not timely deposited with prison officials.[1] The Clerk of Court is **DIRECTED** to return this case to the United States Court of Appeals for the Fifth Circuit for appropriate action.

**SO ORDERED**, this 13th day of October, 2016.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

---

[1] "The Fifth Circuit occasionally treats an untimely notice of appeal filed within the 30-day period after the time prescribed by Rule 4(a) expires as a motion for a determination whether excusable neglect or good cause entitles the petitioner to an extension of time to appeal." *Joseph v. Cooley*, No. 15-1889, 2016 WL 3365376, at *3 (E.D. La. June 16, 2016) (collecting cases). The thirty-day period for Draper to request an extension ended on April 1, 2016. His notice of appeal was not received until April 6, 2016. Even assuming that Draper's notice of appeal could be construed as a motion for extension and that the mailbox rule would apply to a Rule 4 motion for extension, there is no allegation or indication that Draper submitted the notice of appeal to prison officials for mailing on or before April 1, 2016.